# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA STUMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-397-R |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

On April 28, 2005, Petitioner, a state prisoner appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and as it appears that the petition is untimely under 28 U.S.C. § 2244(d), it is recommended that the petition be dismissed upon filing.

Petitioner is attempting to challenge his conviction pursuant to his plea of guilty to second degree murder entered on April 25, 1996, in the District Court of Lincoln County, and for which he was sentenced to 75 years of imprisonment.  Petition at 1 (unpaginated).  In a single ground for relief, Petitioner alleges that the ineffective assistance of his trial counsel resulted in the entry of a guilty plea that was neither voluntary nor knowing.  Petition at 3 (unpaginated).  According to Petitioner, trial counsel negotiated a plea agreement whereby Petitioner would plead guilty to a reduced charge of second degree murder in exchange for a sentence of 75 years of imprisonment. *Id.* Petitioner alleges his decision to enter a guilty plea pursuant to the negotiated plea

was based on trial counsel's "promise that he would be out of prison on parole within seven (7) to nine (9) years." *Id.*

<u>Discussion</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Upon initial review, it appeared to the undersigned that the petition was untimely under 28 U.S.C. § 2244(d), and thus Petitioner was directed to show cause why the petition should not be summarily dismissed.[1] In response Petitioner filed a "Motion to Show Cause Why Writ Should Not Be Dismissed as Untimely" [Doc. No. 7, hereinafter referred to as "Response"], asserting that his habeas petition should be considered timely filed because it was filed within one year of the conclusion of his state post-conviction action. Petitioner also appears to argue that the one-year limitation period should be equitably tolled "in the interest of justice." For the reasons discussed below, the undersigned finds that the instant habeas action was untimely filed and that Petitioner is not entitled to equitable tolling of the limitation period. It is therefore recommended that the action be dismissed.

---

[1]The issue of timeliness may be raised *sua sponte* by the Court. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428 (10th Cir. Sept. 15, 2000) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4); *Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999)(same) (These and other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3). Moreover, because Petitioner has been given the opportunity to show cause why the petition was filed beyond the one-year limitation period of § 2244(d) and because he has a further opportunity to be heard on the matter by filing a timely objection to this Report and Recommendation, the undersigned's *sua sponte* consideration of the timeliness of the petition will not prejudice Petitioner. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D).[2]  In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "[s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim...."  *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

---

[2]Petitioner fails to present any factual basis for the application of any of the alternative bases in § 2244(d)(1) for commencement of the limitations period.

3

Petitioner states that he entered his plea of guilty and was sentenced on April 25, 1996. Petition at 1. Under Oklahoma law, in order to appeal from a conviction on a guilty plea, a defendant must file an application to withdraw a guilty plea within ten days after the pronouncement of a judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA) (to appeal from a conviction on a plea of guilty the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of judgment and sentence). Petitioner admits that he did not appeal his conviction. Petition at 2. Therefore, his conviction became final for purposes of § 2244(d)(1)(A) on May 6, 1996.[3] *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding petitioner's three convictions pursuant to the entry of guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2). Absent any tolling events, Petitioner was required to file his federal habeas petition within one year – by May 6, 1997. *See Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one-year limitation period should be calculated using anniversary date method) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). However, Petitioner did not file the instant petition until April 28, 2005, well beyond the expiration of the one-year limitation under § 2244(d)(1)(A). Thus, absent statutory or equitable tolling of the limitation period, the petition is untimely under § 2244(d)(1)(A).

---

[3]The tenth calendar day fell on May 5, 1996, which was a Sunday. Thus, Petitioner's convictions became final on the following business day which was Monday, May 6, 1996. *See* Okla. Stat. tit. 12, § 2006(A).

4

Petitioner failed to file a state post-conviction action within the one-year limitation period, and therefore the tolling provisions of § 2244(d)(2) do not apply to his subsequently filed post-conviction action.[4]  *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period)*; Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (because petitioner's state petition for post-conviction relief was not filed until § 2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under § 2244(d)(2)). Thus, Petitioner's habeas petition was due on May 6, 1997, and his petition, filed on April 28, 2005, is time-barred under the one-year limitation period of §2244(d)(1)(A).

In his response, Petitioner appears to argue that his petition is timely because he filed it within one year of the culmination of his post-conviction proceeding.  *See* Petitioner's Response at 2.  This argument is clearly without merit. State post- conviction proceedings "pause[]--but [do] not reset--the limitations clock ."  *Castillo v. Williams*, No. 01-2051, 2001 WL 811696 (10th Cir. July 17, 2001).  The filing of Petitioner's application for post-conviction relief on February 13, 2004, did not restart the clock or even toll the limitations period because, as previously noted, it was not filed within the applicable one-year limitation period.

---

[4]Petitioner states that on February 13, 2004, he filed an application for post-conviction relief in the Lincoln County District Court, and the district court denied the application on March 1, 2004.  Petition at 2.  Petitioner further states that he appealed the district court's decision and on April 16, 2004, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief.  *Id.* at 3. According to Petitioner, he filed a motion to reconsider which was denied by the OCCA on July 16, 2004. *Id.*

Petitioner also states in his response that the Court may "extend any filing deadlines pursuant to the terrorist act which has recently been enacted."[5]  To the extent Petitioner is attempting to rely on equitable tolling of the limitation period, such claim is without merit.  The Tenth Circuit has recognized that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). The burden is on the petitioner to demonstrate the circumstances that justify equitable tolling. *Miller*, 141 F.3d at 977.  Simple excusable neglect is not sufficient. *Gibson*, 232 F.3d at 811.  Moreover, Petitioner must show that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 978; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Although Petitioner contends that the Court may consider his petition timely "in the interest of justice," the undersigned finds that he has failed to demonstrate any reason for equitable tolling.  Petitioner does not allege any facts suggesting actual innocence,

---

[5]Although he does not provide a citation to the "terrorist act" on which he relies, the undersigned assumes Petitioner is referring to the AEDPA.

uncontrollable consequences or the filing of defective pleadings during the statutory period. Petitioner has shown neither due diligence in pursuing his claims nor "extraordinary circumstances" which prevented him from preparing and filing his habeas petition by May 6, 1997. *See Marsh*, 223 F.3d at 1220 (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Miller*, 141 F.3d at 978 (same). Petitioner entered his plea of guilty on April 25, 1996, and made no effort to challenge such plea in the state courts until February 2004, over seven years after the limitations period had expired. Petitioner did not file for federal habeas corpus relief until April of 2005, nearly eight years after the limitations period had expired. The record contains no compelling explanation for Petitioner's lack of diligence. Petitioner has therefore failed to show sufficient reason to compel this Court's exercise of equitable tolling power. For this reason, equitable tolling principles should not be applied and the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

<u>RECOMMENDATION</u>

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed upon filing as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner is advised of his right to object to this Report and Recommendation by the 29th of June, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner must file any objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to

7

this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 9th day of June, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE