**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSHUA STUMP,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-05-397-R |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered June 9, 2005 and Petitioner's Objection to the Report and Recommendation filed June 29, 2005.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Petitioner objects.

The Magistrate Judge recommended that the petition be dismissed upon filing as untimely.  She found that Petitioner's conviction upon his guilty plea became final on May 6, 1996, which was the last day on which Petitioner could have moved to withdraw his guilty plea pursuant to Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals.  Because Petitioner's conviction became final after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect on April 24, 1996, the Magistrate Judge correctly found that Petitioner had one year from the date his conviction became final or until May 6, 1997 to file his federal habeas petition and because he did not do so, his petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), absent statutory or equitable

tolling. She further concluded that neither statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) nor equitable tolling applied. Statutory tolling was inapplicable because Petitioner did not file his state court application for post-conviction relief until after the one-year limitation period under § 2244(d)(1)(A) had already expired. Report and Recommendation at p. 5, citing *Barnes v. Booker*, 229 F.3d 1162, 2000 WL 1346234 at *1 (10th Cir. Sept. 19, 2000) (No. OO-7066). Equitable tolling was not available, the Magistrate Judge concluded, because none of the exceptional circumstances warranting it had been shown, nor had Petitioner shown that he had diligently pursued his federal claims. *Id*. at pp. 6-7.

In his Objection, Petitioner asserts that "[i]t was not until Petitioner learned that he could not, and would not, be released by the Department of Corrections as anticipated," that is, after serving seven to nine years of a 75-year sentence, "that he realized that further action needed to be taken to secure his release." Objection at p. 2. He suggests that is was then that he "ascertained the level of ineffective assistance of counsel he had suffered and proceeded with his Application for Post Conviction Relief." *Id*. Petitioner then suggests that because his petition was filed within one year after the Oklahoma Court of Criminal Appeals' affirmed the denial of his application for post-conviction relief, his petition should be treated as timely.

By his Objection, petitioner seemingly attempts to invoke either 28 U.S.C. § 2244(d)(1)(D) or equitable tolling predicated on an uncontrollable circumstance that prevented him from timely filing. However, Petitioner has failed to allege any facts or

present any evidence showing that he could not have discovered, through the exercise of due diligence, that he would not be released within seven to nine years, as his attorney had allegedly advised him, until late 2003 or early 2004. Accordingly, Petitioner has not shown that Section 2244(d)(1)(D) applies. For essentially the same reasons – because Petitioner has not shown that uncontrollable circumstances prevented him from timely filing and his diligence in pursuing his federal claims, equitable tolling is not warranted. *See generally Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

In accordance with the foregoing, the Report and Recommendation of United States Magistrate Judge Bana Roberts is ADOPTED in its entirety and the petition of Joshua Stump for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED upon filing as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

**IT IS SO ORDERED this 1st day of July, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE