IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA STUMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-397-R |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge David L. Russell, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d) has been filed [Doc. No. 28], and Petitioner has replied [Doc. No. 37] and thus, the matter is at issue. For the reasons set forth herein, it is recommended that the motion be granted and the petition be dismissed as untimely.

Petitioner is challenging his conviction pursuant to his plea of guilty to second degree murder entered on April 25, 1996, for which he was sentenced to 75 years of imprisonment. Case No. CF-1995-104, District Court of Lincoln County. In a single ground for relief, Petitioner alleges that the ineffective assistance of his trial counsel resulted in the entry of a guilty plea that was neither voluntary nor knowing. Petition at 3 (unpaginated). Petitioner states that he had initially been charged with first degree murder but the charge was later amended to second degree murder. *Id.* According to

Petitioner, trial counsel submitted a plea agreement that included a guilty plea to the reduced second degree murder charge and a sentence of 75 years of imprisonment. *Id.* Petitioner alleges his decision to enter a guilty plea pursuant to the negotiated plea was based on trial counsel's "promise that he would be out of prison on parole within seven (7) to nine (9) years." *Id.* Petitioner contends that his guilty plea was induced by counsel's "unfulfilled assurances." *Id.*

Procedural History

Petitioner, represented by counsel, filed his habeas petition on April 8, 2005, and the matter was referred to the undersigned for initial proceedings. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned promptly reviewed the petition and ordered Petitioner to show cause why the petition should not be dismissed as time barred under 28 U.S.C. §2244(d). In response to the show cause order, Petitioner essentially argued that the limitations issue should be resolved in his favor because his federal habeas petition was filed within one year of his state post-conviction proceeding that was initiated and concluded in 2004. [Doc. No. 7]. Petitioner also argued that the interests of justice warranted equitable tolling. *Id.* On June 9, 2005, the undersigned entered a Report and Recommendation finding that the action was filed beyond the limitation period set forth in 28 U.S.C. § 2244(d)(1)(A) and that neither statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) nor equitable tolling applied; it was therefore recommended that the petition be dismissed upon filing. [Doc. No. 8].

Petitioner filed an objection to the Report and Recommendation, arguing that it was not until "late 2003/early 2004" that he "learned that he could not, and would not,

be released by the Department of Corrections as anticipated," and therefore ascertained the "level of ineffective assistance of counsel he had suffered . . . ." [Doc. No. 9 at 2]. After considering Petitioner's objection, Judge Russell adopted the Report and Recommendation and by orders dated July 1, 2005, the action was dismissed as untimely and judgment was entered against Petitioner. [Doc. Nos. 10 and 11].[1]

Petitioner appealed and on July 6, 2006, at the request of Respondents the Tenth Circuit Court of Appeals remanded the matter for further proceedings. The Tenth Circuit specifically ordered that the following question be addressed on remand:

> Whether a petitioner, alleging that he received mistaken advice from his counsel regarding parole eligibility, exercises due diligence under [28 U.S.C.] § 2244(d)(1)(D) if he does not file a habeas petition until the asserted parole release date.

[Doc. No. 24].[2]

The matter has now been referred again to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has been directed to respond to the allegations of the petition and to specifically address the issue raised by the Tenth Circuit in its order remanding the matter to this Court. In response,

---

[1] Judge Russell considered whether the argument raised in Petitioner's objection sufficiently invoked the later triggering date of the one-year limitation period as provided by 28 U.S.C. § 2244(d)(1)(D), and found that it did not. [Doc. No. 10 at 2-3]. Judge Russell also found that Petitioner had not shown that uncontrollable circumstances prevented him from timely filing and that he failed to show that he had been diligent in pursuing his federal claims. *Id.*

[2] The July 6, 2006, order stated that the Circuit Court had issued an order on May 19, 2006, granting a certificate of appealability on a single issue, presumably whether the petition was timely filed under 28 U.S.C. § 2244(d)(1)(D), and directed supplemental briefing by Petitioner and Respondents. In response, Respondents sought reconsideration of the certificate of appealability, asserting that the issue in question involved fact-finding which required the development of an evidentiary record in the district court. The Tenth Circuit vacated its order granting a certificate of appealability and remanded the case to this Court for further proceedings and a new final judgment. [Doc. No. 24].

Respondent has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(1)(D), arguing that the factual predicate for Petitioner's ineffective assistance of counsel claim was available to him at least by May 19, 1999. Respondent's Brief in Support [Doc. No. 29]. Petitioner has filed a reply and the matter is at issue. For the following reasons, the undersigned finds that Petitioner has failed to demonstrate any basis for finding the petition timely filed.

## Discussion

With the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, Congress "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). The one-year limitations period begins to run from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set

forth in Section 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Additionally, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction [relief] . . . is pending," s*ee* 28 U.S.C. § 2244(d)(2), and may in rare and exceptional circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

As set forth in the previous Report and Recommendation, Petitioner's action is clearly untimely under § 2244(d)(1)(A). Petitioner entered his plea of guilty and was sentenced on April 25, 1996. Petition at 1 (unpaginated). Petitioner did not attempt to withdraw his plea within the ten-day period provided by Oklahoma law. Petition at 2. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA) (to appeal from a conviction on a plea of guilty the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of the judgment and sentence). Therefore, Petitioner's conviction became final on May 6, 1996.[3] *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had until May 6, 1997, to file his federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that the one-year limitation period under § 2244(d)(1) expires on the anniversary date of the triggering event). However, Petitioner did not file the instant petition until April 8, 2005,

---

[3]The tenth calendar day fell on May 5, 1996, which was a Sunday. Thus, Petitioner's convictions became final on the following business day which was Monday, May 6, 1996. *See* Okla. Stat. tit. 12, § 2006(A).

nearly eight years beyond the expiration of the one-year limitation period under § 2244(d)(1)(A). Thus, the petition is untimely under § 2244(d)(1)(A), absent statutory or equitable tolling of the limitation period.

Before addressing tolling issues, the undersigned will address the issue remanded by the Tenth Circuit, that is, whether Petitioner's ineffective assistance of counsel claim is timely under the separate triggering mechanism of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitation period shall run from the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence. The proper task in this case is to determine when a duly diligent person in Petitioner's circumstances would have discovered the facts supporting his claim that counsel rendered ineffective assistance by misrepresenting a time frame for Petitioner's release on parole and that his guilty plea, which was based upon this misrepresentation, was neither voluntary nor knowing.

Respondent contends that Petitioner was provided documents by the Oklahoma Department of Corrections (DOC) that made him aware at least by May 19, 1999, that he would not be considered for parole, much less released, within the time frame allegedly represented by his counsel, rendering the instant petition untimely even under § 2244(d)(1)(D). Respondent has produced DOC documents showing that in 1996 Petitioner's initial parole hearing date was set for March 2004. Respondent's Brief, Ex. 1 (Adjustment Review, dated October 18, 1996) and Ex. 2 (Notification of Parole Consideration Date, dated May 23, 1996). Respondent has also produced documents received by Petitioner notifying him in 1998 and then again in 1999 that his parole

6

eligibility date had changed to a later date – February 2007. Respondent's Brief at 4; *id.*, Exs 1-5.[4]  Respondent argues that even construing the DOC documents liberally in Petitioner's favor, the petition is not timely under § 2244(d)(1)(D) because Petitioner could have discovered through the exercise of due diligence by May 19, 1999, at the latest, that his parole hearing had been rescheduled from March 2004 until February 2007. Respondent asserts that under this calculation, Petitioner had one year, or until May 19, 2000, to file a habeas petition. Respondent concludes that the instant petition was untimely filed by nearly five years.

In reply to the motion to dismiss, Petitioner contends that the relevant one-year period "should not have commenced until he realized he had been in prison for eight years." Petitioner's Reply [Doc. No. 37] at 6.[5]  Petitioner does not explain what occurred during the eighth year of his imprisonment, that triggered the realization that counsel had misrepresented the timing of his release. Moreover, Petitioner does not argue that he failed to receive the 1998 and 1999 notifications, notifying him that he would not be considered for parole until February 2007. Indeed, the DOC documents bear Petitioner's signature acknowledging receipt of the notification of the February 2007 docket date.

---

[4] Respondent has also submitted the sworn affidavit of Jim Rabon, Administrator of the Sentence Administration and Offender Records for the DOC. Respondent's Brief, Ex. 8. In his affidavit, Mr. Rabon states that pursuant to DOC policy, a periodic review is conducted on each inmate and documented as an "Adjustment Review," that this review includes parole eligibility dates, and that the inmate receives a copy of the Adjustment Review form. *Id.* (citing DOC OP-060203). Rabon further states that inmates are given a "Notification of Parole Consideration Date" form to serve as notification of their next parole date, that this information is placed in the inmate's file and is also available on the DOC's public web site. *Id.*

[5] In response to the motion to dismiss, Petitioner "advises the Court that th[e] Reply is almost identical to the Supplemental Brief filed at the Tenth Circuit . . . ." Petitioner's Reply at 1. He contends that "it was not until eight (8) years [after the time of his plea] that he was aware that action needed to be taken." *Id.* at 4.

Thus, the undersigned agrees with Respondent that under the circumstances of this case, Petitioner was reasonably charged with the knowledge that at least by May 19, 1999, that he would not be considered for parole much less released on parole within seven to nine years of his 1996 conviction.[6] Once Petitioner was notified in May of 1999 that his initial parole hearing was set for February of 2007, he surely knew he would not be released on parole in 2005 as promised by trial counsel. Petitioner offers no reasonable explanation for waiting almost five years to begin raising his claim.

Therefore, the undersigned finds that Petitioner, acting with reasonable diligence, either knew, or could have discovered through the exercise of due diligence, the facts underlying his federal habeas claim on or before May 19, 1999, not some later date when Petitioner may have discovered a legal argument concerning his ineffective assistance of counsel claim. *See Irons v. Estep*, No. 05-1412, 2006 WL 991106 (10th Cir. April 17, 2006) (unpublished) (affirming the district court's finding that the factual predicate for the petitioner's sentencing error claim arose at the time of his sentencing, not upon the petitioner's discovery of a legal argument). Petitioner does not explain why he failed to pursue the ineffective assistance of counsel claim raised in his petition upon notification on May 19, 1999, that he would not be considered for parole until February of 2007, almost two years longer than counsel's seven to nine year time frame. Thus, the

---

[6]The "Notification of Parole Consideration Date" form dated March 7, 1998, clearly reflects that Petitioner was notified of a parole docket date of February 2007. Respondent's Brief, Ex. 4. However, the Adjustment Review form dated November 23, 1998, is less clear and appears to have been modified. Therefore, the undersigned agrees with Respondent that Petitioner should be given the benefit of the May 19, 1999, triggering date concerning his discovery of his parole eligibility date because Petitioner's signature reflects his receipt of the Adjustment Review form dated May 19, 1999, in which the parole docket date is clearly set for February 2007. *Id.*, Ex. 5.

undersigned finds that the limitation period under § 2244(d)(1)(D) expired one year later on May 19, 2000. Accordingly, the petition, filed on April 8, 2005, is untimely under 28 U.S.C. § 2244(d)(1)(D).

Statutory Tolling

Federal law includes a tolling provision, 28 U.S.C. § 2244(d)(2), which provides that the relevant one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). *See also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all period during which a prisoner is attempt to exhaust state post-conviction remedies). Petitioner first sought post-conviction relief on February 13, 2004, when he filed an application for post-conviction relief in the Lincoln County District Court. Petition at 2. The district court denied the application on March 1, 2004. Petition at 2. Petitioner appealed the district court's decision and on April 16, 2004, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief. *Id.* at 3. According to Petitioner, he also filed a motion to reconsider which was denied by the OCCA on July 16, 2004. *Id.*

Statutory tolling is not available to Petitioner, because he failed to file a state post-conviction action within one year of the applicable one-year triggering date under § 2244(d)(1)(A), *i.e.*, May 6, 1996, or within one year of the later triggering date under § 2244(d)(1)D), *i.e.*, May 19, 1999, and therefore the tolling provisions of § 2244(d)(2) do not apply. *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction

9

proceedings because his applications were not filed until after the end of the applicable one-year grace period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (unpublished) (because petitioner's state petition for post-conviction relief was not filed until § 2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under § 2244(d)(2)). Thus, the petition is not saved by application of the statutory tolling provision in § 2244(d)(2).[7]

Equitable Tolling

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141 (citing *Gibson*, 232 F.3d at 808). But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The burden

---

[7]Petitioner appears to argue that his petition is timely because he filed it within one year of the culmination of his post-conviction proceeding in 2004. *See* Petitioner's Reply at 6. This argument is clearly without merit. State post-conviction proceedings "pause[]--but [do] not reset--the limitations clock." *Castillo v. Williams*, No. 01-2051, 2001 WL 811696 (10th Cir. July 17, 2001) (unpublished). The filing of Petitioner's application for post-conviction relief on February 13, 2004, did not restart the clock or even toll the limitations period because, as previously noted, it was not filed within the applicable one-year limitation period.

is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner, still represented by counsel after remand, appears to seek equitable tolling based on "uncontrollable circumstances." Petitioner's Reply at 4. Although his argument in this regard is not clear, it appears that counsel questions whether Petitioner understood his right to appeal his guilty plea and further claims that it would be "unfair and prejudicial" to refuse to consider the merits of his petition because "it was not until eight (8) years later that he was aware that action needed to be taken." Id.

Petitioner's allegations that he may have misunderstood his right to appeal his guilty plea are conclusory and insufficient to justify equitable tolling. Petitioner does not allege that either the trial court or counsel failed to instruct him on his right to appeal. Nor does he allege that counsel failed to file an appeal despite being instructed to do so. Moreover, nothing in the record indicates that Petitioner has raised either before this Court or the state courts a claim that counsel was ineffective for failing to appeal his guilty plea or that he was denied his right to appeal through no fault of his own. Under these circumstances, Petitioner fails to show that any "misunderstanding" regarding his right to appeal constitutes a "rare and exceptional circumstance" worthy of equitable tolling. *See Stanley v. McKune*, No. 05-3100, 2005 WL 1208931 (10th Cir. May 23, 2005) (unpublished) (refusing to apply equitable tolling based on an attorney's failure to file an appeal when the petitioner did not timely seek to rectify the mistake).

To the extent Petitioner seeks equitable tolling because he was proceeding pro se prior to obtaining counsel for his state post-conviction proceeding and this habeas action,

such is not sufficient basis for equitable tolling. *See Marsh*, 223 F.3d at 1220 (ignorance of the law generally does not excuse late filing of pro se prisoner). Moreover, Petitioner has failed to demonstrate that he has diligently pursued his claims. Petitioner waited nearly eight years after his conviction became final before he filed his habeas petition. For the reasons previously discussed, Petitioner was not diligent in pursuing his claim that counsel was ineffective for misrepresenting the amount of time Petitioner would serve in prison before being considered for parole. *See Marsh*, 223 F.3d at 1220 (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Miller*, 141 F.3d at 978 (same). The record contains no compelling explanation for Petitioner's lack of diligence. Petitioner has therefore failed to show sufficient reason to compel this Court's exercise of equitable tolling power. For this reason, equitable tolling principles should not be applied and the petition should be dismissed as untimely.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss [Doc. No. 28] be granted and that the petition for writ of habeas corpus be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Petitioner is advised of his right to object to this Report and Recommendation by the 20th of March, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner must file any objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives

any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of February, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE